# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 03/11/2014

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Each side shall bear its own costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

13-5101 - Nichole Medical Equipment v. US
United States Court of Federal Claims, Case No. 12-CV-0364

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**NICHOLE MEDICAL EQUIPMENT & SUPPLY, INC.,**
*Plaintiff,*

AND

**DOMINIC ROTELLA,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Apellee.*

2013-5101

Appeal from the United States Court of Federal Claims in No. 12-CV-0364, Senior Judge Eric G. Bruggink.

Decided: March 11, 2014

DOMINIC ROTELLA, of Hazle Township, Pennsylvania, pro se.

JAMES SWEET, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN GILLINGHAM, Assistant Director.

―――――――――――

Before PROST, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Dominic Rotella appeals from an order of the United States Court of Federal Claims that dismissed his complaint alleging that the Government breached a settlement agreement concerning the Medicare billing of Nichole Medical Equipment & Supply, Inc. Because Rotella has failed to state a claim upon which relief can be granted, we affirm the Court of Federal Claims's decision.

## BACKGROUND

In 2003, the United States filed a civil action against Nichole Medical Equipment & Supply, Inc., and its owner Dominic Rotella, (together, "Nichole") alleging that Nichole had knowingly submitted false and fraudulent requests for payments for incontinence supplies. In 2006, Nichole and the United States entered into a settlement agreement ("Settlement Agreement"). Under the Settlement Agreement, Nichole agreed to pay the Government $750,000 in installment payments. The Settlement Agreement also stated that if Nichole defaulted on those payments, and failed to cure that default, the United States could offset any remaining balance from any amounts due and owing to Nichole by any department, agency, or agent of the United States. Nichole also agreed to comply with the terms of an integrity agreement ("Integrity Agreement"). The Integrity Agreement required Nichole to, among other things, maintain a compliance

program, provide training to its employees, and provide implementation reports to the Government.

In exchange, the Government released Nichole from any civil or administrative monetary claims for "Covered Conduct," defined as "claims for incontinence supplies during the period from January 1996 to February 2000." J.A. 32. "[R]eserved and excluded from the scope and terms of" the Settlement Agreement was "[a]ny liability to the United States . . . for any conduct other than the Covered Conduct." J.A. 39.

Meanwhile, Nichole was investigated for overpayments for wheelchairs and hospital beds (the "wheelchair/bed action"). As a result of this investigation, and to offset the alleged prior overpayments, a contract payment intermediary withheld payments to Nichole. Ultimately, though, it was determined that those payments should not have been withheld and that Nichole was owed $101,201.44.

After making only a few payments, Nichole defaulted, leaving a balance of $577,354.52. Under the default provision of the Settlement Agreement, the Government directed the contract payment intermediary not to reimburse the $101,201.44 due Nichole from the wheelchair/bed action.

Nichole then sued the United States, alleging that the Government's intermediary contractors violated Medicare regulations, and that such violations breached the Settlement Agreement. According to Nichole, "[i]n the Settlement Agreement the [Government] expressly or impliedly warranted, represented and/or agreed to conduct business with Nichole Medical within the applicable legal and regulatory structure." Nichole alleges that this representation was false. Nichole further alleges that:

> After entering into the Settlement Agreement, [the Government], its constituent agencies, de-

partments and contractors, . . . conducted improper and illegal raids, audits, and/or reopenings of investigations violated applicable statutes and regulations, and improperly suspended and/or setoff payments to Nichole Medical, . . . in violation of the duty of good faith and fair dealing[.]

J.A. 27.

Nichole requests that the court void the Settlement Agreement and require the Government to return all payments made under the Settlement Agreement and reimburse Nichole the withheld funds from the wheelchair/bed action.

In a comprehensive opinion, the Court of Federal Claims dismissed the complaint for failure to state a claim. This appeal followed.

Since the filing of this appeal, Counsel for Appellants has withdrawn and Nichole Medical Equipment & Supply, Inc., as an unrepresented corporation, has been removed from this appeal. Rotella is proceeding pro se.

## DISCUSSION

"We review de novo a decision to dismiss a complaint for failure to state a claim under RCFC 12(b)(6), just as we do dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Indian Harbor Ins. Co. v. United States*, 704 F.3d 949, 954 (Fed. Cir. 2013). "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy." *Id*. "[A] complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

According to Rotella, dismissal was wrong for the following reason:

> The Settlement Agreement ("SA") between the Plaintiffs-Appellants and the United States includes terms relating to the resolution of allegations relating to past transactions, and incorporates by reference an Integrity Agreement which relates to all future transactions. When viewed in their entirety, Plaintiffs-Appellants could have plausibly understood it had resolved all prior payment actions and both parties were agreeing to stricter regulatory compliance with regard to future transactions.

Appellant's Br. 14.

But Rotella's argument on appeal fails for several reasons. First, as to "future transactions," the complaint does not adequately allege that the Integrity Agreement required the Government's future activities to comply with Medicare law. Indeed, the Integrity Agreement only imposes an obligation on Nichole—and not the Government—to comply with Medicare law. *See, e.g.*, J.A. 135 ("Nichole/Rotella shall post in a prominent place, accessible to all patients and Covered Persons a notice detailing its commitment to comply with all Federal health care program requirements in the conduct of its business."). And Rotella's argument that it would be unfair to read the Integrity Agreement as requiring Nichole—and not the Government—to comply with Medicare law is irrelevant. As the Government points out, "The issue is whether [Rotella] plausibly alleged that there is a contractual obligation for the Government's future activities to comply with Medicare law, not whether it was fair for there to be no such obligation." Appellee's Br. 16.

Second, as to "past transactions," Rotella does not plausibly allege that the Settlement Agreement resolved all past disputes. According to its express terms, the Settlement Agreement only resolved allegations related to Covered Conduct—that is, allegations related to the

incontinence supplies action, but not the wheelchair/bed action.

Third, even if Rotella "understood" that the Settlement Agreement resolved all of "its problems," such a unilateral understanding is insufficient to support his claims. *See, e.g.*, *Andersen Consulting v. United States*, 959 F.2d 929, 934 (Fed. Cir. 1992) (the "'subjective unexpressed intent of one of the parties' to a contract is irrelevant").

Accordingly, we affirm the decision of the Court of Federal Claims.

**AFFIRMED**

COSTS

Each party shall bear its own costs.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## Questions and Answers

### Petitions for Panel Rehearing (Fed. Cir. R. 40)
### and
### Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)

---

Q. When is a petition for panel rehearing appropriate?

A. Petitions for panel rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for panel rehearing is not appropriate. A petition for panel rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant/petitioner has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for panel rehearing to be appropriate. Counsel seeking panel rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

Q. When is a petition for rehearing en banc appropriate?

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merits panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a petition for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow decisions of the Supreme Court of the United States or Federal Circuit precedential opinions, or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

Q. How frequently are petitions for panel rehearing granted by merits panels or petitions for rehearing en banc granted by the court?

A. The data regarding petitions for panel rehearing since 1982 shows that merits panels granted some relief in only three percent of the petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions have been granted less frequently. Historically, the court has initiated en banc review in a few of the appeals decided en banc since 1982.

Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?

A. No. All that is needed is a final judgment of the Court of Appeals.

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

INFORMATION SHEET

FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

Time. The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

Fees. Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

Authorized Filer. The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

Format of a Petition. The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

Number of Copies. Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

Where to File. You must file your documents at the Supreme Court.

Clerk
Supreme Court of the United States
1 First Street, NE
Washington, DC 20543
(202) 479-3000

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

Access to the Rules. The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999